43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. PRUNTY, Plaintiff-Appellant,
v.
Shirley A. ROGERS, Warden, et al., Defendants-Appellees.
 No. 94-3777.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: NELSON, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Robert E. Prunty, a pro se prisoner incarcerated at the Marion Correctional Institution (MCI), appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Named as defendants are the following MCI officials: Warden Shirley Rogers, Unit Manager James Ferguson, Sergeant Graham, Sergeant Stevens, and Correctional Officer Fisher. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages against the defendants in their individual and official capacities, Prunty alleged that he is being subjected to constant harassment in the form of inmates banging on Prunty's bed so that he is unable to sleep, read or write. Prunty further alleged that his efforts to inform the warden and the other named defendants have not culminated in relief because a full-scale prison conspiracy exists. Prunty also claimed that other inmates have attempted to "crash into plaintiff deliberately [and then say "excuse me"]; block plaintiff['s] pathway; steps; doorways; and holler and keep up lots of loud noise all the time and to holler into plaintiff's ear etc."
 
 
 3
 The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing (1) that Prunty's allegations regarding his living conditions at MCI must first be addressed through the procedure set forth in Mower v. Seiter, No. C79-175 (N.D.Ohio June 20, 1985) (unpublished); and (2) that even if Prunty's allegations were true, they did not rise to the level of an Eighth Amendment violation. Prunty responded. The district court entered a judgment granting the defendants' motion to dismiss. This appeal followed.
 
 
 4
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard, 991 F.2d at 1240; Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).
 
 
 5
 The district court properly dismissed the complaint because Prunty failed to state a viable Eighth Amendment claim upon which relief may be granted. The facts as alleged failed to establish unnecessary and wanton infliction of pain or deliberate indifference to Prunty's needs in prison; the Eighth Amendment is thus not implicated. Wilson v. Seiter, 501 U.S. 294, 298-301 (1991). The allegation that other inmates have verbally abused and harassed Prunty is insufficient to support a claim under the Eighth Amendment. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987).
 
 
 6
 We decline to address Prunty's First Amendment claim because this claim was not raised in the district court in the first instance. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances are present in this case.
 
 
 7
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.