47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward SEFCIK, Plaintiff-Appellant,
v.
STATE OF MICHIGAN; Frank J. Kelley, Attorney General,
Defendants-Appellees.
 No. 94-1659.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HOOD, District Judge.*
 
 ORDER
 
 2
 Edward Sefcik, a pro se Michigan prisoner, appeals a district court judgment dismissing a civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Sefcik and fourteen other prisoners at the State Prison of Southern Michigan sued the State of Michigan and the Attorney General for the State of Michigan alleging that their incarceration violates the Foreign Sovereign Immunities Act of 1976 (28 U.S.C. Sec. 1604). Specifically, they claimed that they are "foreign states" and have "jurisdictional immunities from the courts of the states and the United States as set forth in 28 U.S.C. Sec. 1604." The plaintiffs sought injunctive relief, a writ of habeas corpus, unspecified punitive damages, and compensatory damages in the amount of $50,000 per day, per plaintiff, accruing each and every day, until such time as all plaintiffs "have been restored to the free exercise of their full liberties." The district court dismissed the complaint in a memorandum opinion, order and judgment filed May 6, 1994.
 
 
 4
 Initially, we note that this appeal is recognized as only brought by Sefcik and not also by the other fourteen plaintiffs because the other plaintiffs were not properly identified in the notice of appeal by the use of the term "et al." See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988); Francis v. Clark Equip. Co., 993 F.2d 545, 547 n.1 (6th Cir. 1993).
 
 
 5
 Whether the district court correctly dismissed a suit pursuant to Fed. R. Civ. P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993); Allard v. Weitzmen (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard, 991 F.2d at 1240; Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).
 
 
 6
 Upon review, we conclude that the district court properly dismissed the complaint. Sefcik argued that he is a "foreign state" as defined under the Foreign Sovereign Immunities Act of 1976, that the State of Michigan lacked personal jurisdiction over him in his criminal proceedings, and that his continued incarceration violates the Foreign Sovereign Immunities Act. However, under the definition provided by the Act, Sefcik is not a foreign state, and thus is not immune. See 28 U.S.C. Sec. 1603; see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 937 F.2d 44, 47-48 (2d Cir. 1991). Accordingly, dismissal was proper.
 
 
 7
 The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation