54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Daniel P. DIAL, Plaintiff-Appellant,
v.
Richard E. MURPHY, Kitchen Supervisor; Thomas A. Carmichael,
Sr., Safety Officer; John Doe, Defendants-Appellees.
 No. 94-2287.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1995.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 Daniel P. Dial appeals a district court judgment dismissing his civil rights action filed under the Federal Tort Claims Act (FTCA), and the doctrine established by the United States Supreme Court in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 The incident giving rise to this action is set forth in the magistrate judge's report and recommendation and will not be repeated here. Suffice it to say that on the afternoon of March 3, 1991, Dial and other inmates at the Milan Correctional Institution in Milan, Michigan, were ordered to push a heavy cart of garbage out to a dumpster behind the prison cafeteria. An ice storm the night before had deposited a sheet of ice on the concrete walkway between the cafeteria and the dumpster. Dial fell on the ice and injured his back. As a result of this incident, Dial sought damages of $120,000 redressible under Bivens, the Eighth Amendment, and the FTCA.
 
 
 4
 The defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dial filed a motion for summary judgment. The magistrate judge issued a report, recommending that the defendants' motion to dismiss be granted and Dial's motion for summary judgment be denied. Despite Dial's objections in which he advanced a new theory, the district court adopted the report and recommendation, except that portion of the report and recommendation that held that Dial was required to exhaust administrative remedies, granted the defendants' motion to dismiss and then denied Dial's motion for summary judgment. As to the exhaustion issue, the district court held that Dial was not required to exhaust his administrative remedies because his Bivens action sought only monetary damages. See McCarthy v. Madigan, 503 U.S. 140, 149-50 (1992). This timely appeal followed.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Dial's complaint as Dial undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).
 
 
 6
 The dismissal of any FTCA claim was proper. A federal prisoner may not sue the federal government under the Federal Tort Claims Act for an injury suffered in a work-related incident. Rather, his exclusive remedy lies in the worker's compensation provision applicable to federal prisoners under 18 U.S.C. Sec. 4126. Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987).
 
 
 7
 The district court properly dismissed Dial's Eighth Amendment claim because Dial's allegations fall short of stating a violation of the ban on cruel and unusual punishment. Dial did not allege, and the facts fail to support, an allegation that the defendants acted with "obduracy and wantonness" or that they unnecessarily and wantonly inflicted pain on him. See Whitley v. Albers, 475 U.S. 312, 319 (1986). Defendant Carmichael's comments "that being a little more careful could prevent this from happening again" imply, at most, that defendant Murphy may have been negligent. Negligent acts of officials which cause unintended loss or injury do not rise to a constitutional level. Daniels v. Williams, 474 U.S. 327, 331 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). As pointed out by the district court, if Dial's fall could have been prevented with "just a little caution," it follows that it was not an unnecessary and wanton infliction of pain.
 
 
 8
 Finally, Dial argues that the district court erred when it refused to recuse Magistrate Judge Charles E. Binder from Dial's case. The standard of review of a lower court's denial of a motion to recuse is abuse of discretion. In re City of Detroit, 828 F.2d 1160, 1166 (6th Cir. 1987), overruled in part on other grounds by In re Aetna Casualty & Surety Co., 919 F.2d 1136, 1140-43 (6th Cir. 1990) (en banc). The district court did not abuse its discretion. Dial's arguments concerned rulings by the magistrate judge which do not demonstrate the deep-seated antagonism necessary to require recusal. Liteky v. United States, 114 S. Ct. 1147, 1158 (1994).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation