59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert Lawrence PAYNE, Plaintiff-Appellant,
v.
Kathleen HAWK, Director, Federal Bureau of Prisons, et al.,
Defendants-Appellees.
 No. 95-5076.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 Before: WELLFORD, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Robert Lawrence Payne, a federal prisoner, appeals pro se a district court order denying his motion for a preliminary injunction and dismissing his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). He has moved this court for entry of an order directing that legal correspondence be opened in his presence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Payne filed this complaint seeking monetary and injunctive relief against several federal prison authorities, alleging that the defendants had relied on military court martial convictions in which he had not been represented by an attorney in calculating his custody classification. Subsequently, he moved for a preliminary injunction, arguing that the defendants had retaliated against him for filing this lawsuit by changing his job assignment. Defendants moved for dismissal of the complaint for failure to state a claim. Both matters were referred to a magistrate judge, who recommended that the motion for injunctive relief be denied and the motion for dismissal be granted. Over Payne's objections, the district court adopted the magistrate judge's recommendations.
 
 
 3
 Upon review, we conclude that the complaint was properly dismissed, as Payne could prove no facts which would entitle him to relief. See Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). There is no constitutional right to any particular custody classification, see Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986), and no limitations have been placed on the discretion of federal prison officials in determining a custody classification which could give rise to a liberty interest. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Miller v. Henman, 804 F.2d 421, 424-27 (7th Cir. 1986), cert. denied, 484 U.S. 844 (1987).
 
 
 4
 Moreover, the district court did not abuse its discretion in denying Payne's motion for injunctive relief. See Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992). Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The pending motion is denied, the issue not having been raised in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).