**John W. LaFLAME, Plaintiff–Appellant,**

v.

**MONTGOMERY COUNTY SHERIFF'S DEPARTMENT; (f/n/u) Kent, Defendants–Appellees.**

No. 00–5646.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before NORRIS, SILER, and BRIGHT,[*] Circuit Judges.

John W. LaFlame, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his 42 U.S.C. § 1983 civil rights claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, LaFlame sued the Montgomery County, Tennessee Sheriff's Department and Dr. Kent. LaFlame alleged that the defendants were deliberately indifferent to his medical needs and ignored his grievances when he complained about his treatment for diabetes. LaFlame requested more than three million dollars in damages and asked that the jail's grievance procedure and his diabetes treatment be improved. The district court granted in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. See 28 U.S .C. § 1915A(b)(1). After the case was dismissed, LaFlame sent a letter to the district court. The court construed the letter as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) and denied relief.

In his timely appeal, LaFlame restates the claims from his complaint and argues that: (1) the district court erred when the court found that Dr. Kent saw LaFlame several times; and (2) his claim falls under the Americans with Disabilities Act because he has a learning disability.

■ Initially, we note that LaFlame's request for injunctive relief is moot because he is no longer incarcerated in the Montgomery County Jail. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). We also note that LaFlame does not argue that the district court erred by dismissing his claims against the Montgomery County Sheriff's Department. LaFlame has waived this issue by not raising it on appeal. See Enertech Elec., Inc. v. Mahoning County Comm'rs, 85 F.3d 257, 259 (6th Cir.1996).

■ Upon de novo review, we conclude that the district court properly dismissed LaFlame's complaint for failure to state a claim. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). LaFlame alleged that jail personnel delayed processing one of his urine tests, stopped testing his blood sugar because Dr. Kent said the sugar levels were normal, improperly administered a blood sugar test, and did not adjust his diet appropriately. LaFlame's difference of opinion with Dr. Kent over his diagnosis and treatment does not state an Eighth Amendment claim. See Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

LaFlame's argument that the district court erred when the court found that Dr. Kent saw LaFlame several times is without merit. It is apparent from the complaint that LaFlame had frequent contact with the jail staff, who in turn acted on Dr. Kent's advice. LaFlame's allegations still amount to merely a difference in opinion over his medical treatment.

LaFlame's argument that his claim falls under the Americans with Disabilities Act is also without merit. LaFlame did not plead the Americans with Disabilities Act in his complaint. Absent exceptional circumstances, this court does not address

[*] The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

legal issues not raised in the district court. *Enertech Elec., Inc.,* 85 F.3d at 261. There are no exceptional circumstances present, so this court need not address this issue.

 Even if LaFlame had not waived his claims against the sheriff's department, we conclude that his allegations that jail personnel ignored his grievances also fail to state a § 1983 claim. To state a cause of action under § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Federal Constitution or laws of the United States: and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). LaFlame alleged that jail staff ignored the grievances he filed about his medical care. He cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).

Accepting LaFlame's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.