Umar Ahmad SIDDIQ, Plaintiff–Appellant,

v.

Darlene EDLUND, named as Darlene K. Edlund, Assistant Deputy Warden; Robert Woods, Assistant Deputy Warden; Karl Johnson, Resident Unit Manager; James Leclaire, Case Manager; K. Kemp, Resident Unit Officer; J. Lachance, named as J. LaChance, Resident Unit Officer, Defendants–Appellees.

No. 00–2092.

United States Court of Appeals, Sixth Circuit.

May 2, 2001.

sitting by designation.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.*

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Umar Ahmad Siddiq, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Siddiq sued Assistant Deputy Wardens Darlene K. Edlund and Robert Woods; Resident Unit Managers (RUM) Karl Johnson, K. Kemp, and J. LaChance; and Case Manager James LeClaire, Siddiq alleged that: (1) Edlund and Woods violated his due process rights when they reclassified him to administrative segregation for three major misconduct violations; (2) all of the defendants prevented him from being reclassified to the general population; and (3) an RUM named Panjovich retaliated against him by filing a misconduct charge against him in June 1998. The magistrate judge granted Siddiq in forma pauperis status, screened the complaint, and recommended that the complaint be dismissed as frivolous and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b); 42 U.S.C. § 1997e(c). The district court adopted the magistrate judge's report over Siddiq's objections.

In his timely appeal, Siddiq argues that: (1) mandatory language in the prison's administrative rules and policy directives created a liberty interest in the periodic review of his administrative segregation status; and (2) twenty months in administrative segregation constituted an atypical and significant hardship.

Whether a district court properly dismissed a complaint in compliance with 28 U.S.C. § 1915(e)(2) involves a question of law that we review de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Siddiq alleges that: (1) the defendants placed him in administrative segregation; (2) performed only perfunctory reviews of his classification status; and (3) refused to return him to the general population despite his good behavior. With respect to each of these allegations, we conclude that the district court properly dismissed Siddiq's complaint. First, his placement in administrative segregation did not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *see also Jones v. Baker*, 155 F.3d 810, 812–13 (6th Cir.1998). Absent such a hardship, Siddiq cannot sustain his claim. *See Sandin*, 515 U.S. at 484, 115 S.Ct. 2293; *Jones*, 155 F.3d at 812–13. Second, Siddiq's argument that mandatory language in the prison's administrative rules and policy directives required meaningful review of his classification status and created a due process right is without merit. The mandatory language of a prison policy no longer suffices to create a protected liberty interest. *See Sandin*, 515 U.S. at 484–84, 115 S.Ct. 2293. Because Siddiq's confinement to administrative segregation did not give rise to a liberty interest, the defendants' alleged failure to review his status did not either. Finally, Siddiq had no constitutional right to be returned to the general population. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Without the deprivation of a federal right, Siddiq has no § 1983 claim. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir.1996).

Finally, we note that Siddiq also alleged that the RUM Panjovich retaliated against him because of Siddiq's involvement in an assault on a guard. As the district court held, Siddiq did not name Panjovich as a defendant and so had no claim against him.

Siddiq's complaint lacked an arguable basis in law, *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Because he "can prove no set of facts in support this claim which would entitle him to relief," *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993), Saddiq has failed to state a claim. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.