Mary MAYER (92–1363); and Louis
Ehrenberg (92–1439), Plaintiffs–
Appellants,

v.

Robert J. MYLOD; Peter K. Thomsen;
Eric D. Booth; Lawrence L. Gladchun;
and Michigan National Corporation,
Defendants–Appellees.

Nos. 92–1363, 92–1439.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 23, 1993.

Decided March 11, 1993.

**636**

Richard M. Meyer (argued and briefed), Edith M. Kallas, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Elwood S. Simon (briefed), Bloomfield Hills, MI, for plaintiffs-appellants.

Donald S. Young (briefed), Dykema & Gossett, Detroit, MI, Thomas J. Guyer, John R. Spreitzer, Michigan Nat. Corp. Legal Dept., Farmington Hills, MI, Scott B. Schreiber (argued and briefed), Helene B. Madonick, David P. Gersch, Arnold & Porter, Washington, DC, W. Merritt Jones, Jr. (briefed), Kay R. Butler, Hill, Lewis, Adams, Goodrich & Tait, Dykema & Gossett, Detroit, MI, for defendants-appellees in No. 92–1439.

Donald S. Young (briefed), Maria Del Monaco, Dykema & Gossett, Detroit, MI, Scott B. Schreiber (argued and briefed), Helene B. Madonick, David P. Gersch, Arnold & Porter, Washington, DC, Stephen I. Greenhalgh, Hill, Lewis, Adams, Goodrich & Tait, W. Merritt Jones, Jr. (briefed), Hill, Lewis, Adams, Goodrich & Tait, Detroit, MI, for defendants-appellees in No. 93–1363.

Before: MARTIN, MILBURN, and NORRIS, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Mary Mayer and Louis Ehrenberg appeal the district court's dismissal of their securities-fraud claims for failure to state a claim upon which relief can be granted. They also appeal the district court's refusal to certify their claims as class actions. We reverse the district court's dismissal of Mayer's and Ehrenberg's complaints and affirm the district court's refusal to certify their cases as class actions.

Mary Mayer bought stock in Michigan National Corporation on May 16, 1990 and held the stock without selling any shares through the period that is the subject of this lawsuit. Louis Ehrenberg bought stock in Michigan National Corporation on July 16, 1990 for $32 per share and sold it later for $35 per share.

On July 1, 1991, Ehrenberg filed an eighteen-page amended complaint against Michigan National, Robert Mylod, Chairman of the board of directors of Michigan National, and other directors of Michigan National. Ehrenberg's complaint alleged that Michigan National made false and misleading comments in several of its public statements and "concealed" Michigan National's financial position. The complaint stated two bases for recovery: violation of federal securities law and common-law negligent misrepresentation.

Ehrenberg alleged in his amended complaint that the following statements violated Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78t (1989): Michigan National stated that it intended to have strong financial controls, intended to strengthen its balance sheet, had no non-performing real-estate loans, and had implemented a program to improve the quality of its operations; Michigan National stated that its loan portfolio was "soundly underwritten" and its value was "fairly reflected on the balance sheet;"

Michigan National stated, in relation to a buy-back of its stock, that Michigan National stock was a "good investment" for the corporation and its shareholders; and Michigan National, in response to a fifty percent decline in the price of its stock, stated that its non-performing loans did not warrant the decline in share prices. In addition, Ehrenberg alleged that Michigan National's financial statements contained incorrect statements regarding its non-performing and potentially non-performing loans and that Michigan National omitted an adverse five million dollar judgment from the appropriate quarterly report.

Ehrenberg alleged that Michigan National's statements were false or misleading; Ehrenberg alleged in paragraph twenty of his amended complaint,

> [D]efendants misrepresented and concealed the deteriorated quality of Michigan National's loan portfolio, intentionally concealed and misrepresented the likelihood of huge increases in non-performing assets, charge-offs and loss reserves, and failed to set appropriate loan loss reserve levels on commercial real estate loans. Michigan National's net income, assets and net worth were materially overstated as a result, and the market prices of Michigan National's publicly-traded securities were artificially inflated. . . .

On August 27, Ehrenberg petitioned the court to certify a class consisting of himself and other investors in Michigan National stock, which the court refused. The court based its refusal on concerns that Ehrenberg had not proven damages and that he could not sue on behalf of a class that bought stock at different times than he did.

Mary Mayer filed her complaint on December 2. Mayer's complaint mirrored Ehrenberg's amended complaint, including the request to certify a class.

On January 7, 1992, the defendants moved to dismiss Mayer's complaint for failure to state a claim and to deny certification of a class. The district court refused to certify a class and dismissed Mayer's complaint on February 20 pursuant to civil Rule 12(b)(6). The district court stated,

> I am of the opinion now, having had a chance to reflect more on *Virginia Bankshares v. Sandberg,* — U.S. —, 111 S.Ct. 2749, 115 L.Ed.2d 929, which holds that corporate directors' disbelief or undisclosed motivation, standing alone, is insufficient to satisfy the element of fact that must be established, and the holding of the Sixth Circuit in *Sinay v. Lamson & Sessions* . . ., decided on November 7, 1991, . . . that I should grant the motion to dismiss here. The Sixth Circuit pointed out that economic projections are not actionable if they bespeak caution, that when a corporation, through its officers or otherwise, states an honestly held view based upon the information currently before it, neither it or its officers may be held liable, and in determining whether the statements are actionable, the court must scrutinize the nature of the statement to determine whether the statement was false when made. While analyzing the nature of the statement, the Court must emphasize whether the prediction suggested reliability, bespoke caution, was made in good faith, or had a sound factual or historical basis.

The district court, in light of its decision regarding Mayer's complaint, dismissed Ehrenberg's complaint on March 19.

Ehrenberg and Mayer now appeal the district court's dismissal of their complaints, arguing that they stated a valid claim under federal securities law.[1]

■ Dismissals of complaints for failure to state a claim upon which relief can be granted are subject to *de novo* review.

---

1. On appeal, the defendants argue that Ehrenberg's and Mayer's complaints should have been dismissed under Rule 9(b) for failing to state their claims with particularity. Although the defendants certainly objected to Ehrenberg's initial complaint for containing insufficient particularity, we see nothing in the record which indicates that the district court dismissed Ehrenberg's amended complaint or Mayer's initial complaint under Rule 9.

*E.g., Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039 (6th Cir.1991) (citing *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir.1990)). All factual allegations are considered to be true. *Id.* (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969)). If an allegation is capable of several inferences, the allegation must be construed in a light most favorable for the plaintiff. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

▮▮▮ The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir.1987). As the court stated in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Id.* at 47, 78 S.Ct. at 103; *Oil Chem. & Atomic Worker's Int'l Union, AFL–CIO v. Delta Ref. Co.*, 277 F.2d 694 (6th Cir.1960). Therefore, Mayer's and Ehrenberg's complaints should be dismissed only if Mayer and Ehrenberg can allege no set of facts which entitle them to legal relief.

▮▮ Michigan National's statements of opinion and belief, as well as Michigan National's purely factual statements, if prov-

en to be untrue, are actionable under federal securities law.

Section 10(b) of the Securities Exchange Act of 1934 provides,

> [It is] unlawful for any person ... [to] use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate....

Under Rule 10b–5, promulgated by the Securities and Exchange Commission at 17 C.F.R. § 240.10b–5, it is unlawful "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading...."

In *Virginia Bankshares, Inc. v. Sandberg*, —— U.S. ——, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991), the court rejected the argument that statements containing the opinions or beliefs of a corporation's managers could not be a basis for a violation of Section 14(a) of the Securities Exchange Act of 1934.[2] The court stated, "A statement of belief may be open to objection ... as a misstatement of the psychological fact of the speaker's belief in what he says." *Id.* —— U.S. at ——, 111 S.Ct. at 2759, 115 L.Ed.2d at 947. On the facts of *Virginia Bankshares*, the court held that a director's statement that $42 per share for purchase of a stock was a "fair price" was actionable if the director did not believe that the price was fair and if the price was not fair. *Id.* —— U.S. at ——–——, 111 S.Ct. at 2759–2760, 115 L.Ed.2d at 947–948. To prove that the director did not believe

---

**2.** The court in *Virginia Bankshares* was concerned with Section 14(a), not Section 10(b) of the Securities Exchange Act. Section 14 concerns proxy statements, whereas Section 10 concerns other statements by a corporation. *Virginia Bankshares* is instructive for this case, however, because the Securities and Exchange Commission has promulgated the same rule for each section: violations occur under each section whenever a statement is false or a material

omission makes the statements which are made misleading. *Compare* 17 C.F.R. § 240.10b–5 *with* 17 C.F.R. § 240.14a–9 (1991). Many courts have followed rules adopted under Section 14 when establishing rules under Section 10(b). *E.g., Basic Inc. v. Levinson, et al.*, 485 U.S. 224, 232, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988) (adopting materiality standard under Section 14 for Section 10(b)).

that $42 was a fair price, the court stated that the plaintiff should be allowed to introduce evidence concerning whether the price was fair to prove that the director did not really believe that the price was fair. *Id.* at 946. *Virginia Bankshares* is in part an extension of *Basic Inc. v. Levinson, et al.,* 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). In an appeal from this circuit, the Supreme Court upheld the rule that corporate officers are not required to speak, but once they do, they must be truthful if their comments are material to investors' decisionmaking. *See id.* at 213, fn. 17 ("Silence, absent a duty to disclose, is not misleading under Rule 10b–5.").

In *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1040 (6th Cir.1991), the plaintiff argued that he stated a valid claim under Section 10(b) because the corporation's director made optimistic projections while knowingly failing to state that the industry was depressed and that the company faced severe labor troubles. This court held that beliefs about future earnings which turn out to be incorrect are not actionable under Section 10(b) if the statements contain sufficient cautionary language. *Id.* (citing *Isquith v. Middle South Utils.,* 847 F.2d 186 (5th Cir.1988)). This court did not cite *Virginia Bankshares* in reaching its decision. Because *Sinay* was decided shortly after *Virginia Bankshares* and did not cite that decision, we will discuss how the two cases relate to insure that no conflicts arise in our circuit with *Virginia Bankshares.*

*Sinay* was argued on September 10, 1991 and decided on November 7, 1991. *Virginia Bankshares* was decided on June 27, 1991. Although there is a slight timing gap between these two cases, we read from the *Sinay* court's failure to cite *Virginia Bankshares* that it decided the question before it without knowledge of *Virginia Bankshares. Sinay* is not entirely consistent with *Virginia Bankshares.* The court in *Virginia Bankshares* noted, "publishing accurate facts in a proxy statement can render a misleading proposition too unimportant to ground liability," which is similar to the *Sinay* court's statement that predictions are not actionable if accompanied by words of caution. *Compare Virginia Bankshares,* —— U.S. at ——, 111 S.Ct. at 2760–61, 115 L.Ed.2d at 948 *with Sinay,* 948 F.2d at 1040. However, the court in *Virginia Bankshares* went on to say "But not every mixture with the true will neutralize the deceptive. If it would take a financial analyst to spot the tension between the one and the other, whatever is misleading will remain materially so, and liability should follow." *Virginia Bankshares,* —— U.S. at ——, 111 S.Ct. at 2760, 115 L.Ed.2d at 948. Therefore, the central point of *Sinay,* that a claim is insufficient as a matter of law if optimistic opinions are coupled with cautionary statements, partially conflicts with *Virginia Bankshares* because *Virginia Bankshares* contemplates a weighing of the true with the untrue statements in an announcement for liability to result.

In light of *Virginia Bankshares,* the district court should not have dismissed Ehrenberg's or Mayer's complaints under Rule 12(b)(6). Material statements which contain the speaker's opinion are actionable under Section 10(b) of the Securities Exchange Act if the speaker does not believe the opinion and the opinion is not factually well-grounded. *See, e.g., Hanon v. Dataproducts Corp.,* 976 F.2d 497 (9th Cir. 1992); *Cf. Virginia Bankshares,* —— U.S. ——, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991) (opinions are actionable under Section 14(a) of the Securities Exchange Act). Whether the statements here were true or false is not an issue to be decided under Rule 12(b)(6). Ehrenberg and Mayer assert as a fact, in paragraph twenty of their complaints, that numerous Michigan National statements, which were either purely factual or which contained the speaker's opinion, were false, or were misleading due to material omissions. These assertions are sufficient for purposes of Rule 12(b)(6) because material statements of opinion, if not truly believed and not supported by available facts, are actionable under Section 10(b) of the Securities Exchange Act.

The statements which provide the basis for Ehrenberg's and Mayer's complaints are similar to the statements which the *Virginia Bankshares* court found action-

able. For example, Michigan National's statement that the value of loans in Michigan National's portfolio is "fairly reflected on the balance sheet" is similar to the statement in *Virginia Bankshares* that $42 is a "fair price" for sale of certain stock. Many of the other opinions which Mayer and Ehrenberg allege were said similarly may give rise to liability. As well, Ehrenberg and Mayer complained that Michigan National's factual statements, such as its financial disclosures, were false and misleading. Therefore, Ehrenberg and Mayer stated a cause of action which they now have an opportunity to prove. After an appropriate time for discovery, the defendants will have an opportunity under Rule 56 of the Federal Rules of Civil Procedure to show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. In light of *Virginia Bankshares*, however, Ehrenberg and Mayer stated a claim upon which relief can be granted, and the district court should not have dismissed the case under Rule 12(b)(6).

We review decisions whether to certify a class under an "abuse of discretion" standard. *E.g., Kentucky Educators Public Affairs Council v. Kentucky Registry of Election Finance*, 677 F.2d 1125, 1135 (6th Cir.1982).

Under Rule 23(a) of the Federal Rules of Civil Procedure, four conditions must be met to properly file a class-action suit: (1) the joinder of members must be impracticable; (2) questions of law or fact must be common to the class; (3) the representatives of the class must be typical members of the class; and (4) the representatives must fairly represent the interests of the class. Under Rule 23(b), one of three conditions must be met to maintain a suit as a class action: (1) there must be a risk of either incompatible standards of conduct or a risk that interests of prospective class members would be impaired by an adjudication of others' claims; (2) the party opposing the class has acted toward members of the class in a non-uniform way; or (3) issues common to the class predominate over issues which are not common to the class and the best method of trying the suit is as a class action.

In Ehrenberg's case, the district court refused to certify a class consisting of Ehrenberg and individuals who purchased stock from February 14, 1990 to October 10, 1990. The district court refused to certify a class because Ehrenberg actually made money from his investment in Michigan National stock, because he claimed to represent individuals who relied on statements which he could not have relied upon, and because the district court did not believe that common issues of fact or law predominated over non-common issues. The fact that Ehrenberg made money from the stock is not automatically a reason to deny class certification. Under Section 10(b), the level of damages is usually the difference in price that the investor paid based on the false or misleading statements and the price that the stock would have sold at had the market been aware of the truth. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 155, 92 S.Ct. 1456, 1473, 31 L.Ed.2d 741 (1972); *Dupuy v. Dupuy*, 551 F.2d 1005, 1024–25 (5th Cir.1977); *Glick v. Campagna*, 613 F.2d 31, 36 (3d Cir.1980). Therefore, Ehrenberg may meet the commonality and typicality requirements of Rule 23(a)(2) and (3), even if other class members actually lost money on their investments, because questions of liability are common to all class members regardless of their level of damages. Likewise, the fact that Ehrenberg seeks to represent a class of investors which contains investors who relied on other statements than he relied upon does not automatically mean that Ehrenberg's claims are not common to the class. Courts have often certified classes in which different investors have relied on different statements by a corporation. *E.g., Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir.1975). However, the district court is in the best position to determine whether the complaints of investors who rely on different corporate statements are sufficiently similar to warrant class certification. Unfortunately, the district court did not explain why Ehrenberg is not an adequate representative for other class members who relied on similar statements to the statements upon which he had relied, so it is impossible to assess at this point in the litigation whether Ehrenberg would be an adequate representative for the class.

Notwithstanding these two oversights by the district court, the district court did not abuse its discretion in determining under Rule 23(b)(3) that common issues do not predominate over non-common issues in this case. Whether common issues predominate over non-common issues lies in the discretion of the district court, and we see no abuse of discretion. In addition, subsections (b)(1) and (b)(2) of Rule 23 have not been met. Therefore, the district court did not abuse its discretion when it refused to certify Ehrenberg's suit as a class action.

The district court refused to certify a class of investors in Mayer's case for the same reasons that it had refused to certify a class in Ehrenberg's case. Because Mayer had not sold her stock, the court's concern regarding damages was certainly not identical, but the court's ultimate decision was not an abuse of discretion. As in the Ehrenberg case, the district court obviously did not believe that issues which are common to Ehrenberg, Mayer, and other members of the prospective class predominated over non-common issues. We see no abuse of discretion.

The decision of the district court to dismiss Ehrenberg's and Mayer's complaints is reversed. The district court's decision to refuse to certify these cases as class actions is affirmed.