41 F.3d 1506
 6 NDLR P 93
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reddick BORKINS, III, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, et al., Defendants-Appellees.
 No. 94-1589.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: WELLFORD, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Reddick Borkins, III, appeals a district court judgment dismissing his civil suit brought pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-16), the Rehabilitation Act of 1964 (29 U.S.C. Sec. 701, et seq.), and section 301 of the Labor Management Relations Act (29 U.S.C. Sec. 185(a)). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The facts underlying this action are adequately set forth in the district court's order granting the defendants' motion to dismiss and will not be repeated here. Suffice it to say that plaintiff's complaint and amended complaint alleged unfair labor practices, breach of contract, handicap discrimination, and deprivation of his rights under the First and Fifth Amendments when the defendants terminated his employment on August 31, 1983, and when the defendants denied his request for reinstatement in 1991. Plaintiff sought declaratory, injunctive and monetary relief.
 
 
 3
 On February 11, 1994, the defendants filed a motion to dismiss or for summary judgment. On May 13, 1994, the district court issued an order granting the defendants' motion to dismiss. Judgment for the defendants was entered May 16, 1994.
 
 
 4
 Upon review, we conclude that the district court properly dismissed the complaint because plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).
 
 
 5
 Plaintiff's claim of handicap discrimination relative to his termination was untimely. Plaintiff received notice of the MSPB decision regarding his discharge on July 6, 1984. His appeal to the district court, filed February 19, 1993, was untimely. See 5 U.S.C. Sec. 7703(b)(2).
 
 
 6
 Even if plaintiff's complaint was timely, dismissal was still proper because plaintiff failed to challenge his 1983 termination before the MSPB on grounds of handicap discrimination. A plaintiff must present a discrimination claim to the MSPB in order to preserve his right to raise the claim in federal court. See Hays v. Postmaster Gen. of United States, 868 F.2d 328, 330 (9th Cir.1989). In the MSPB appeal, plaintiff raised only reprisal and sex discrimination as affirmative defenses to his discharge. Not having raised his handicap discrimination claim before the MSPB, plaintiff is precluded from raising the claim in federal court.
 
 
 7
 Plaintiff's claim that he was the subject of handicap discrimination when he was denied reinstatement by the Postal Service was properly dismissed. A ruling in favor of the defendants on plaintiff's EEO action relating to his reinstatement efforts was issued June 5, 1992. Plaintiff had 90 days after receipt of the EEO decision to file his complaint. 42 U.S.C. Sec. 2000e-16(c). Plaintiff did not file his complaint with the district court until February 19, 1993, over eight months later. The complaint was untimely. The Michigan tolling provision for incarcerated persons does not apply to plaintiff's claim of handicap discrimination.
 
 
 8
 Notwithstanding his failure to comply with the thirty-day requirement of Sec. 1613.214(a)(1)(i), plaintiff claims that because the discriminatory actions of which he complains are continuous in nature, he is entitled to rely upon the so-called continuing violation theory. Essentially, plaintiff claims that the discrimination was continuing when he made subsequent reinstatement requests, the last of which was not denied until December 18, 1991. Plaintiff's argument is without merit. The defendants' denial of plaintiff's subsequent requests for reinstatement are merely the present consequences of the defendant's initial, allegedly discriminatory, denial in January 1991. See Delaware State College v. Ricks, 449 U.S. 250, 256-63 (1980); see also Chardon v. Fernandez, 454 U.S. 6, 7-8 (1981). Plaintiff confuses the continuing effects of the initial denial of reinstatement in January 1991, with a "continuing violation."
 
 
 9
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.