**Jeffrey A. WOODS, Plaintiff–Appellant,**

v.

**State of OHIO; Michael K. Allen, Hamilton County Prosecutor, et al ., Defendants–Appellees.**

**No. 00–4075.**

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit Judges; ROBERTS, District Judge.*

*ORDER*

Jeffrey A. Woods, an Ohio prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief. Woods sued the State of Ohio; Hamilton County, Ohio Prosecutor Michael K. Allen; a "John Doe" Hamilton County prosecutor; attorney Peter Rosenwald; Barbara McCoy; and Dr. Nancy Schmidtgoessing. Woods alleged that the defendants violated his constitutional rights by conspiring to convict him of rape, attempted rape, and robbery. The district court granted Woods in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S .C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). The district court held that Woods's complaint was barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129

---

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

L.Ed.2d 383 (1994). The court also denied Woods's motion for relief from judgment.

In his timely appeal, Woods argues that: (1) his action was not a challenge to his criminal conviction but instead an allegation that the defendants conspired to violate his right to due process under the Fourteenth Amendment; and (2) the district court should have given him an opportunity to amend his complaint.

Upon de novo review, we conclude that the district court properly dismissed Woods's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). Woods was indicted on a series of sexual assaults, and pleaded not guilty by reason of insanity. A jury convicted him, and the Ohio Court of Appeals affirmed the conviction. *State v. Woods,* Nos. C–860576, C–870179, 1987 WL 12463 (Ohio Ct.App. June 10, 1987) (unpublished). In his § 1983 complaint, Woods alleged that the prosecution's expert witness, the victim, and the prosecutor conspired to secure his conviction. His claim is a direct attack on the methods used to convict him, and a successful civil rights claim based on these allegations would necessarily imply the invalidity of his conviction. Because Woods has not shown that his conviction has been reversed, expunged, declared invalid, or otherwise called into question, his complaint is not cognizable under § 1983. *See Heck,* 512 U.S. at 487, 114 S.Ct. 2364.

Woods's argument that the district court should have permitted him to amend his complaint is without merit. The Prison Litigation Reform Act requires courts to screen and dismiss complaints "even before ... the individual has had an opportunity to amend the complaint." *McGore,* 114 F.3d at 608–09; *see also* 28 U.S.C. § 1915(e)(2). Because the district court properly held that Woods's complaint failed to state a claim, the court did not err by dismissing the complaint without permitting Woods to amend it.

Accepting Woods's allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.