**Bonnie S. VAUGHN, Individually and as Next Friend of Shawna Marie Wassing, Plaintiff–Appellant,**

v.

**Ricky L. VAUGHN, et al., Defendants–Appellees.**

**No. 00–6379.**

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge.*

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Bonnie S. Vaughn, a Tennessee resident proceeding pro se, appeals a district court order dismissing her civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Vaughn filed a complaint naming her former husband, judges, court employees, a state representative, attorneys, other individuals and the states of Michigan and Tennessee as defendants. Vaughn recited events involving her former husband's custody of their two children and requested, among other things, that the court issue an order to stop child support collection against her. Vaughn requested leave to file her complaint in forma pauperis ("IFP"). The magistrate judge granted Vaughn IFP status but recommended that the complaint be dismissed unless Vaughn amended her complaint to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Vaughn filed an amended complaint which invoked due process and equal protection under the Fifth and Fourteenth Amendments, and again requested an order stopping child support collection. The district court adopted the magistrate judge's report and recommendation and dismissed the complaint and amended complaint for failure to state a claim.

In her timely appeal, Vaughn argues that she was denied due process in the state courts of Michigan and Tennessee. She has also moved to disqualify Chief Judge Martin from the appeal.

Upon review, we conclude that the district court properly dismissed Vaughn's complaint under 28 U.S.C. § 1915(e)(2). *See McGore v. Wriggles-worth,* 114 F.3d 601, 604 (6th Cir.1997). To state a cause of action under § 1983, a plaintiff must allege that: (1) she was deprived of a right secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Vaughn appears to be contesting efforts to collect child support from her and is dissatisfied with her former husband's care of their children. Although she cited federal constitutional provisions in her amended complaint, the complaint does not suggest the deprivation of a federally secured right.

In addition, as the district court noted, Vaughn's complaint was barred by the applicable statute of limitations. The statute of limitations for actions arising in Tennessee and brought under the federal civil rights statutes is one year. Tenn. Code Ann. § 28–3–104(a)(3); *Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir.1997). Vaughn filed her original complaint on April 21, 2000. The only allegations in that complaint dating from within one year of April 21, 2000, did not involve any of the named defendants, and Vaughn's amended complaint contains no dates at all. Thus, even if Vaughn had a federal cause of action, it accrued more than one year before she filed her complaint and was barred by Tennessee's statute of limitations.

Accepting all of Vaughn's allegations as true, she can prove no set of facts in support of her claim which would entitle her to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). We deny Vaughn's motion to disqualify Chief Judge Martin, and af-

firm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.