Michael D. ENGLISH, Plaintiff–Appellant,

v.

Margarette T. GHEE, Defendant–Appellee.

No. 00–4021.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

Michael D. English, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief, English sued the governor of Ohio, the director of the Ohio Department of Rehabilitation and Corrections, the chairman of the Ohio Adult Parole Authority, and the Attorney General of the United States contending that Ohio's parole guidelines violate the Ex Post Facto Clause, the Equal Protection Clause, the separation of powers principle, his plea agreement, and the nondelegation doctrine. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint pursuant to Fed. R.Civ.P. 12(b)(6).

In his timely appeal, English continues to assert the same issues that he raised in the district court. He requests the appointment of counsel.

The district court's decision to grant a motion to dismiss under Rule 12(b)(6) is reviewed de novo. The court construes the complaint in the light most favorable to the plaintiff and accepts the well pled factual allegations as true. *See Mayer v. Mylod*, 988 F.2d 635, 637–38 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 638.

The district court dismissed all the defendants except Margarette T. Ghee, Chairman of the Adult Parole Authority. Ghee asserts in her brief on appeal that English did not raise the issue before the court that the new parole guidelines violated his plea agreement and, therefore, that issue is not properly before the court. However, careful examination of page nine of English's complaint establishes that the issue was presented to the district court. Hence, the argument is without merit.

■ English fails to state a claim under § 1983 as his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under 42 U.S.C. § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sen-

tence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; see also Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence).

■ English contends that Ohio's new parole system not only requires him to serve a longer prison term, but also violates his plea agreement. Because a ruling on these arguments would affect the validity of his confinement, these claims are not cognizable under § 1983. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364.

Accordingly, we deny the request for counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.