Jan F. BECKER, Plaintiff–Appellant,

v.

OHIO STATE LEGAL SERVICES ASSOCIATION; Orchid Biocomputer, Inc.; Genescreen; Children's Hospital Medical Center of Akron; Seols, Ath-

ens, Chillicothe, Lancaster, Marietta, Newark, New Philadelphia, Portsmouth, Steubenville, Zanesville, Corporation for National Service Governor's Community Service Council the Ohio Department of Job and Family Services; National Association for Public Interest Law; Coldata, Inc.; Mbna America; Trans Union Credit Corporation; McDowell Insurance Services; Holmes County Commissioners; City of Cleveland; Office of the Independent Council; Federal Bureau of Investigation; Cleveland Patrolman's Association; Terrance O'Donnell; Alice Robie Resnick; Tim Black; Deborah Cook; John D. Satula; Cleveland Bar Association; Cuyahoga County Bar Association; 2002 Utah Winter Olympics Committee; Ohio Attorney General, Crime Victims Service; Violeta Matta; Don Packe; Nita Packe; Randall E. Devaul; John Pertac; Michael R. White; Hector L. Cuevas, Defendants–Appellees.

No. 01–3044.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2001.

**322**

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

### ORDER

Jan Becker, an Ohio resident proceeding pro se, appeals the district court order dismissing his action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $47.5 million in damages, Becker sued the Ohio State Legal Services Association and approximately forty other defendants in a fee-paid complaint. Becker alleged that "The United Way Conspiracy of 1993" resulted in his children being kidnaped by Ohio Human Services and United Way actors and in criminal charges being brought against him. Many of the defendants filed motions for a more definite statement, motions to dismiss for failure to state a claim, and motions to dismiss for lack of jurisdiction. The district court dismissed the complaint for failure to state a claim. The court concluded that Becker's complaint did not contain allegations reasonably suggesting that he might have a valid federal claim against any of the named defendants.

In his timely appeal, Becker argues that the conspiracy now includes the judge, jury, and prosecutors in a case which resulted in his conviction and incarceration.

■ Upon review, we conclude that the district court properly dismissed Becker's complaint for failure to state a claim. To state a cause of action under § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Becker alleged a conspiracy involving the custody of his children and his prosecution for unspecified criminal charges. His complaint does not, however, include a single reference to a constitutional provision or federal law allegedly violated by the defendants. Moreover, many of the defendants are not state actors or are immune from suit. Finally, Becker did not attempt to explain how the named defendants brought about his misfortune. His vague and conclusory allegations unsupported by material facts are not sufficient to state a conspiracy claim under § 1983.

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

*See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987). Accepting Becker's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.