**John Allen HESSMER, Plaintiff–Appellant,**

v.

**Jack "BF" LOWERY, Sr., Defendant–Appellee.**

No. 01–5662.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2001.

---

* The Honorable Jerome Farris, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

*ORDER*

John Allen Hessmer, a Tennessee prisoner proceeding pro se, appeals the dis-

trict court order dismissing his complaint brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Hessmer sued his former attorney Jack "BF" Lowery, Sr. Hessmer alleged that Lowery violated his rights under the United States Constitution and the FTCA when he negligently represented Hessmer in criminal and civil matters. The district court screened the complaint, granted Hessmer in forma pauperis status, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). Hessmer filed a "Petition to Reconsider and Convert," requesting permission to substitute 42 U.S.C. §§ 1983 and 1985 as the bases for his suit. The district court denied the motion, holding that Hessmer was not entitled to amend his complaint to avoid sua sponte dismissal.

In his timely appeal, Hessmer argues that the district court should have construed his complaint as arising under 42 U.S.C. §§ 1983 and 1985.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that the district court properly dismissed Hessmer's complaint. Hessmer alleged that Lowery negligently defended him in a state court criminal matter by failing to recover im-

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

properly seized property, failing to get charges dropped or reduced, and failing to raise the defense of mental incompetence. Hessmer also alleged that Lowery overcharged him in the criminal matter and settled a personal injury claim for too little money. The FTCA provides a cause of action only if the claim is brought against a federal employee. *See* 28 U.S.C. §§ 1346(b), 2674; *FDIC v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Because Hessmer did not allege that his former attorney was a federal employee, his complaint failed to state a claim under the FTCA. The district court properly dismissed the complaint and denied Hessmer's later motion because courts do not have the discretion to permit an in forma pauperis plaintiff to amend a complaint to avoid a sua sponte dismissal. *See McGore*, 114 F.3d at 612.

Accepting Hessmer's allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.