**Todd A. PORTER, Plaintiff–Appellant,**

v.

**Arthur A. ELLIS, individually and in his capacity as Superintendent of Public Instruction of the Michigan Department of Education, Defendant–Appellee.**

No. 00–2425.

United States Court of Appeals,
Sixth Circuit.

July 10, 2002.

* The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

Before MARTIN, Chief Circuit Judge, BOGGS, and DAUGHTREY, Circuit Judges.

PER CURIAM.

Plaintiff Todd Porter appeals the district court's dismissal of his section 1983 lawsuit against Arthur Ellis, the Superintendent of Public Instruction of the Michigan Department of Education. We AFFIRM.

## I.

Porter, a resident of Kalamazoo County, Michigan, had his left leg amputated below the knee in 1990 after he was injured in an automobile accident. He now uses a prosthetic leg to compensate for his disability.

From September 1997 to September 1998, Porter worked as a school bus driver for Kalamazoo Public Schools. From September 1998 to September 1999, Porter drove a school bus for Laidlaw Transit, Inc. in Kalamazoo.

On March 21, 2000, Laidlaw laid Porter off after the Michigan Department of Education refused to grant Porter an "endorsement" to drive a school bus, ostensibly because of his disability.

On August 7, 2000, Porter filed suit under 42 U.S.C. § 1983 against Ellis in the United States District Court for the Western District of Michigan. In his complaint, Porter did not allege that Ellis was personally involved in the Department of Education's refusal to grant him an endorsement. With respect to Ellis, Porter only alleged, "Defendant Arthur E. Ellis is, and at all times relevant hereto was, the Superintendent of Public Instruction in the Department of Education of the State of Michigan." J.A. 7.

As relevant here, Porter requested the following relief: (1) "An injunction directing defendant Arthur E. Ellis, *in his capacity as Superintendent of Public Instruction of the Michigan Department of Education,* to forthwith issue written authority for Laidlaw Transit to resume employment of plaintiff Todd A. Porter as a school bus driver"; and (2) "A judgment of monetary damages against Arthur E. Ellis, *individually,* for whatever amount plaintiff Todd A. Porter is found to be entitled." J.A. 9 (emphasis added).

The district court dismissed Porter's claim and he appealed. During the pendency of Porter's appeal, a Michigan state court entered an injunction compelling the Michigan Department of Education to inform Laidlaw that Porter was eligible to return to work. Accordingly, Porter's claim against Ellis in his individual capacity for monetary damages is the only issue before this court.

## II.

We review *de novo* the district court's dismissal of Porter's complaint for failure to state claim upon which can be granted. *Mayer v. Mylod*, 988 F.2d 635, 637–38 (6th Cir.1993); *see also VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 702 (6th Cir.2000) (noting that "we may affirm the district court's opinion on different grounds").

Liability of supervisory personnel under section 1983 may not stem solely from their position of authority. *See Hays v. Jefferson County*, 668 F.2d 869, 872–74 (6th Cir.1982); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior."). To state a cognizable claim, a section 1983 plaintiff must allege that the supervisory official "implicitly authorized, approved or knowingly acquiesced" in the unconstitutional or statutorily violative conduct that is the subject of his claim. *See id.*

Porter has made no such allegations here.[1] Nowhere in his complaint or in the record before this court does Porter claim any significant connection between Ellis and the adverse action taken by the Michigan Department of Education. Moreover, nothing in the record suggests that Porter would be able or even inclined to make such allegations should his suit be permitted to proceed in federal court. *See* Oral Arg. Tr. 12 ("But I've got to get back to State Court to do that discovery, to properly amend [Porter's] complaint against the right people . . . .").

Accordingly, we AFFIRM the judgment of the district court.

---

**1.** In response to Ellis's motion to dismiss, Porter submitted two letters written in Ellis's name. Neither letter actually denied Porter the endorsement he sought. Moreover, at oral argument, Porter's counsel acknowledged that Ellis was not in fact the author of those letters. *See* Tr. 11–12 ("I [found] out in later discovery that [Ellis] didn't actually write those letters; they came, they use this system at the State of Michigan, they have this machine called an addressograph machine that is intended to create the impression he wrote these letters, but actually somebody else did it.").