**Donnell A. JACKSON, Plaintiff–Appellant,**

**v.**

**Cliff GILL; Bill Adams; Kenny Meeks, Defendants–Appellees.**

No. 02–6358.

United States Court of Appeals, Sixth Circuit.

June 24, 2003.

Before MARTIN, Chief Judge; KRUPANSKY and COLE, Circuit Judges.

### ORDER

Donnell A. Jackson, a Kentucky resident, appeals pro se a district court order dismissing his civil rights complaint, filed under 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Jackson filed a complaint against three employees of the McCracken County, Kentucky, jail, in their official capacity. Jackson alleged that he was denied proper medical attention for a rash on his thighs and a cut on his face while detained in that facility. The district court dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(ii), concluding that the real party in interest was the county, and that Jackson had not alleged any official policy of denying medical attention.

On appeal, Jackson argues that the deficiencies in his complaint were due to the lack of an adequate law library at the McCracken County jail, and that he should have been permitted to amend his complaint.

Upon consideration, we conclude that the complaint in this case was properly dismissed for failure to state a claim, because Jackson could prove no facts which would entitle him to relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). The district court properly noted that, because defendants were sued in their official capacity, the real party in interest was the county government. *Hafer v. Melo*, 502 U.S. 21, 25–26, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Jackson could not state a claim against the county because he did not allege that the denial of medical atten-

tion he experienced was due to a county policy or tolerance of a custom of such denials. *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507–09 (6th Cir.1996); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir.1993).

 Jackson's argument on appeal is without merit. He alleges that the defects in his complaint were due to the inadequate law library at the jail and that he should have been permitted to amend the complaint. However, this court has held that no amendment may be permitted prior to a dismissal pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir.1997).

Accordingly, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.