Lester R. MITCHELL, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF COMMERCE, Defendant–Appellee.

No. 02–6367.

United States Court of Appeals, Sixth Circuit.

July 9, 2003.

Before BOGGS and GILMAN, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

Lester R. Mitchell, a Tennessee citizen, appeals pro se a district court order dismissing a civil rights action he filed for failure to state a claim and lack of jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory damages, Mitchell filed this action against his employer on a form designed for filing Title VII employment discrimination actions. However, the complaint did not allege any discriminatory action by defendant. Instead, the complaint asserted that Mitchell, who

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

was hired by the Bureau of Census in January 1999 on an intermittent basis, was removed from his employment in July 2000 because he was campaigning for public office as a state representative, an alleged violation of the Hatch Act. Mitchell sought relief by filing a complaint with the EEOC, which determined that it lacked jurisdiction over such a complaint and dismissed it in April 2001. He also filed a claim with the Merit System Protection Board (MSPB) which dismissed his case because, as an intermittent employee with less than two years of service, he was not covered. Finally, Mitchell filed a claim with the Office of Special Counsel, where he succeeded in being reinstated to his position in January 2001 on a determination that the Hatch Act did not apply to him as an intermittent employee. Mitchell asserted that he was filing this action to seek compensatory damages for the violation of his First Amendment and Equal Protection rights.

The district court screened the complaint and dismissed it for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of jurisdiction, under Fed.R.Civ.P. 12(h)(3). The district court held that a Title VII complaint would be untimely, the federal government was not subject to suit under 42 U.S.C. § 1983, and, to the extent the complaint could be construed as a *Bivens* action against Mitchell's supervisor, it would fail to state a claim because Mitchell had administrative remedies under the Civil Service Reform Act (CSRA). On appeal, Mitchell argues that the latter holding is incorrect because he is not seeking damages from an individual supervisor and because he has no remedy under the CSRA, as the MSPB found that it lacked jurisdiction over his claim.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as Mitchell could prove no facts that would entitle him to the relief requested. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). The district court properly noted that, although this complaint was filed on a Title VII form, it did not allege any claim of employment discrimination, and furthermore, would be untimely given the EEOC's April 2001 dismissal of his complaint. The complaint seeks damages for a violation of Mitchell's First Amendment and Equal Protection rights. However, the district court also properly pointed out that the federal government is not subject to suit under 42 U.S.C. § 1983. *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 931 (6th Cir. 1987). Finally, the district court pointed out that the complaint could not be construed as one against a federal official under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because an administrative remedy was available through the CSRA. *Jones v. Tennessee Valley Authority*, 948 F.2d 258, 262–64 (6th Cir.1991). Although Mitchell was not satisfied with the reinstatement he received through the Office of Special Counsel, that was the remedy available to him under the CSRA. *See* 5 U.S.C. §§ 1212(a)(2), 1214.

Accordingly, the dismissal of this complaint is affirmed for the reasons stated by the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.