Vera D. BREWER, Plaintiff–Appellant,

v.

CLEVELAND MUNICIPAL SCHOOL DISTRICT, et al., Defendants–Appellees.

No. 03–3338.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2003.

Vera D. Brewer, pro se, Cleveland, OH, for Plaintiff–Appellant.

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.*

*ORDER*

Vera D. Brewer, an Ohio resident proceeding pro se, appeals the district court order dismissing her employment discrimination case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Brewer sued the Cleveland Municipal School District (CMSD), CMSD Chief Executive Officer Barbara Byrd Bennett, CMSD Executive Director Paul Flesher, CMSD Treasurer Erbert Johnson, CMSD Custodian Supervisor Larry Battle and CMSD Custodian Supervisor Mr. Prat. Brewer alleged that the defendants violated her rights under Title VII of the Civil Rights Act of 1964 and the Sixth and Fourteenth Amendments when they refused to allow her to return to work after a work-related injury caused her to be placed on disability retirement. The district court granted Brewer in forma pauperis status and dismissed the complaint without prejudice. The court held that Brewer did not have a Fourteenth Amendment equal protection claim because she did not allege disparate treatment, that she did not have a Title VII claim because she did not plead any of the elements of such a claim and failed to allege that she exhausted her administrative remedies, and that the Sixth Amendment did not apply to her case. The district court and this court denied Brewer in

forma pauperis status on appeal. Brewer has now paid the filing fee.

On appeal, Brewer argues that the district court dismissed her case prematurely without viewing available records.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

■ Upon review, we conclude that the district court properly dismissed Brewer's complaint. Brewer alleged that she had been employed by the CMSD from 1992 until 1998, when she suffered a work-related injury and was placed on disability retirement. The school retirement system apparently determined that she was able to return to work and discontinued her benefits. When Brewer returned to work in May 2002, the CMSD allegedly informed her that her work restrictions would not be accommodated, that she would be placed on leave, and that she

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

would be contacted in the future to work. She had not been contacted by the time she filed her district court complaint in November 2002.

The allegations in Brewer's complaint fail to state either an equal protection claim or a Title VII claim. " 'To prove a violation of the equal protection clause under § 1983, [a plaintiff] must prove the same elements as are required to establish a disparate treatment claim under Title VII, i.e., under the *McDonnell Douglas/Burdine* framework.' " *Lautermilch v. Findlay City Schs.,* 314 F.3d 271, 275 (6th Cir.) (quoting *Jachyra v. City of Southfield,* No. 95–1009, 1996 WL 520795, at *3 (6th Cir. Sept.12, 1996)), *cert. denied,* No. 02–1619, 2003 WL 21134053 (Oct. 6, 2003). To establish a prima facie case of discrimination, the plaintiff must show that: (1) she belongs to a class protected under Title VII; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) she was replaced by an individual not within the protected class. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Although Brewer used the terms "equal protection" and "discrimination" in her complaint, she did not allege that she was treated differently from any other similarly situated employee. Accordingly, she failed to allege a prima facie case of discrimination under § 1983 or Title VII.

The district court also correctly observed that, if Brewer were attempting to raise a federal disability claim, she had to first exhaust her administrative remedies. *See* 42 U.S.C. §§ 12117(a) & 2000e–5(e)(1); *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir.2000). Brewer did not allege or demonstrate that she had done so. Accordingly, the district court properly dismissed any such claim without prejudice. Finally, we agree with the district court that the Sixth Amendment does not apply to the allegations in Brewer's complaint.

Brewer's argument that the district court dismissed her case prematurely is without merit. She alleges that the CMSD has records that would support her claim, and that she filed a discrimination claim with the Equal Employment Opportunity Commission. Section 1915(e)(2) requires courts to screen and dismiss complaints "even before ... the individual has had an opportunity to amend the complaint." *McGore,* 114 F.3d at 608–09. The complaint Brewer filed was deficient, so the district court properly dismissed it under § 1915(e)(2).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.