William Q. TINGLEY III; William Q. Tingley; Daniel R. Bradley, Plaintiffs–Appellants,

v.

CITY OF GRAND RAPIDS; Dickinson, Wright, Moon, Van Dusen & Freeman; Fifth Third Bancorp; Spectrum Health Corp.; Warner, Norcross & Judd; Todd R. Dickinson; William J. Fisher III; Dennis B. Lieber; John H. Logie; Daniel A. Ophoff; H. David Soot; Robert F. Wardrop II, Defendants–Appellees.

No. 03–1887, 03–2379.

United States Court of Appeals, Sixth Circuit.

Aug. 11, 2004.

William Q. Tingley, III, Grand Rapids, MI, pro se.

William Q. Tingley, Grand Rapids, MI, pro se.

Daniel R. Bradley, Grand Rapids, MI, pro se.

Daniel A. Ophoff, Asst. City Attorney, Janice F. Bailey, City Attorney's Office, Rock A. Wood, Edward P. Perdue, Dickinson & Wright, John A. Ferroli, Dykema Gossett, Jacqueline D. Scott, Bryan R. Walters, Varnum, Riddering, Schmidt & Howlett, J. A. Cragwall, Jr., Warner, Norcross & Judd, Thomas M. Wardrop, Wardrop & Wardrop, Grand Rapids, MI, Judy E. Bregman, Bregman & Welch, Grand Haven, MI, for Defendants-Appellees.

Todd R. Dickinson, Fisher & Dickinson, Ada, MI, pro se.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and WISEMAN, District Judge.*

## ORDER

William Q. Tingley III, William Q. Tingley, and Daniel R. Bradley, Michigan resi-

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

dents proceeding pro se, appeal the district court order that dismissed this action brought under 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, the plaintiffs sued the City of Grand Rapids, Michigan, judges, attorneys, law firms, the mayor of Grand Rapids, Spectrum Health Corporation, and Fifth Third Bancorp in federal district court. They alleged that the defendants violated their civil rights under 42 U.S.C. §§ 1983, 1985, and 1986, and engaged in malicious use of process, malicious use of sanctions, and fraud in violation of state law. The plaintiffs moved for sanctions against some of the defendants and for summary judgment. The defendant judges moved for summary judgment and the remaining defendants moved for dismissal for failure to state a claim. All of the defendants moved for the award of attorney's fees. The district court denied the plaintiffs' motions and granted the defendants' motions.

On appeal, the plaintiffs argue that: (1) the district court should not have dismissed their §§ 1983, 1985, and 1986 claims; (2) the defendant judges do not have absolute immunity; (3) the plaintiffs have standing to sue the defendants for actions the defendants took against the plaintiffs' corporations; and (4) the district court should not have granted sanctions to the defendants.

Initially, we note that the plaintiffs do not argue that the district court erred by dismissing their state law claims. They have thus waived appellate review of these claims. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

We review an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). De novo review is also the standard of review for dismissals under Fed.R.Civ.P. 12(b)(6). *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

 Upon review, we affirm the district court's decision for the reasons stated by the district court. The district court thoroughly examined each of the plaintiffs' claims and concluded, *inter alia,* that the plaintiffs could not bring an action on behalf of the corporations they owned, that the *Younger* abstention doctrine, principles of res judicata, and the *Rooker–Feldman* doctrine prevented the court from reviewing state court decisions, that the defendant judges were immune from suit, that the defendant attorneys and law firms could not be sued under § 1983 for acts performed while representing their clients, that § 1985 did not apply because there was no proof of discrimination, and that the plaintiffs' state law claims lacked merit. We have considered the plaintiffs' arguments on appeal and conclude that they are without merit.

Finally, we conclude that the district court did not abuse its discretion when it awarded attorney's fees and costs to the defendants. *See Hadix v. Johnson,* 65 F.3d 532, 534 (6th Cir.1995). After

the district court entered its opinion dismissing all of the plaintiffs' claims, the defendants submitted affidavits and other documentation regarding their costs and attorney's fees. The plaintiffs filed objections but did not address the defendants' calculations. The district court addressed each defendant's request in turn, considered the reasonableness of the time expended and the fees and costs requested, and adjusted some awards downwards because they were not documented adequately. Considering the baselessness of the plaintiffs' claims and their obstinence in pursuing them, it cannot be said that the district court abused its discretion when the court awarded attorney's fees and costs against the plaintiffs. *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir.2001).

For the foregoing reasons, we affirm the district court's judgment in its entirety. Rule 34(j)(2)(C), Rules of the Sixth Circuit.