**Michael Roy JOHNSON, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, et al., Defendants–Appellees.**

**No. 00–4439.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

Michael Roy Johnson, a pro se District of Columbia prisoner currently incarcerated at the Northeast Ohio Correctional Center ("NOCC") in Youngstown, Ohio, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Johnson sued the Corrections Corporation of America ("CCA"); Warden Brian Gardner; Health Service Administrator Mary Ann Wollett; and Dr. Phillip Malvasi. He alleged that the defendants: (1) violated his rights under the Eighth Amendment by providing him with inadequate medical care; (2) committed medical malpractice; (3) failed to comply with the terms of the settlement agreement in a class action involving the NOCC; and (4) failed to provide an adequate health care system as required by industry standards, the CCA's own policies, and an agreement between the CCA and the city of Youngstown, Ohio. The district court granted Johnson in forma pauperis status, screened the complaint, and dismissed the case for failure to state a claim. *See* 28 U.S.C. § 1915(e).

In his timely appeal, Johnson argues that the district court erred by: (1) dismissing his complaint pursuant to 28 U.S.C. § 1915(e); (2) dismissing his com-

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

plaint without ruling on his motion for the appointment of counsel; and (3) dismissing his state law claims although he asserted diversity jurisdiction. He has also requested the appointment of counsel on appeal.

Upon de novo review, *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), we conclude that the district court properly dismissed Johnson's Eighth Amendment claim but improperly dismissed his state law claim.

■ First, we agree with the district court that Johnson had no § 1983 claim against the CCA or Warden Gardner. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. *See Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir.1995). In order to find supervisory personnel liable under § 1983, the plaintiff must allege that the supervisor condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *See id.; Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993). Johnson did not allege that either the CCA or Gardner directly participated in the acts or failures to act of which he complains. Accordingly, these defendants cannot be held liable to Johnson under § 1983.

■ We also agree that Johnson had no Eighth Amendment claim against Wollett and Dr. Malvasi. Johnson's allegations involved principally two conditions: lower back pain and fungus. He made repeated medical care requests to CCA staff for both ailments and he was treated for both. Doctors examined him, took X-rays, prescribed pain medications, muscle relaxants, and anti-fungal creams, and provided him with a back brace. Although Johnson disputed the adequacy of his treatment, the district court properly refrained from second-guessing the defendants' medical judgments. *See Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Nor can

Johnson premise an Eighth Amendment claim on his disagreement with the doctors' diagnoses of his conditions. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir.1995). Accepting Johnson's factual allegations as true, he can prove no set of facts which would entitle him to relief on this claim. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). His allegations did not establish that the defendants were deliberately indifferent to his serious medical needs. *See Estelle*, 429 U.S. at 104, 97 S.Ct. 285.

■ Finally, we conclude that the district court improperly dismissed Johnson's state law claim. The district court described Johnson's medical malpractice claim as a supplemental state law claim and declined to exercise jurisdiction over it. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, there is a rebuttable presumption that a prisoner retains his former domicile after incarceration. *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir.1973); *see also Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir.1996); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991). In this case, Johnson alleged that he was a prisoner of the District of Columbia in the custody of the CCA, invoked diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and requested damages over the jurisdictional amount. Although Johnson insufficiently alleged domicile, he may be able to establish diversity jurisdiction under *Stifel*. Accordingly, we direct the district court to permit Johnson to amend his complaint to allege the citizenship of the parties.

Johnson's remaining arguments may be considered by the district court on re-

mand. For the foregoing reasons, we deny Johnson's motion for the appointment of counsel, and affirm in part and vacate and remand in part the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.