Michael John TWOMEY,
Plaintiff–Appellant,

v.

FEDERAL BUREAU OF
INVESTIGATION et al.,
Defendants–Appellees.

No. 00–2401.

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

### ORDER

Michael John Twomey appeals pro se the dismissal of his complaint filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking ten million dollars in damages and injunctive relief, Twomey filed a complaint against the FBI alleging that defendant had subjected him to a campaign of constant surveillance and harassment since 1994. The district court dismissed the complaint in part as frivolous, but subsequently permitted Twomey to file two amendments to the complaint, for which he paid the filing fee. In its final form, the complaint named the FBI, the United States, and unknown FBI agents as defendants, and alleged claims of invasion of privacy, infliction of emotional distress, false imprisonment, and slander, in violation of the FTCA, and violations of his Fourth and Fifth Amendment rights under *Bivens.*

Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6), to which Twomey responded. Defendants pointed out that the court lacked jurisdiction over claims pursuant to *Bivens* against the United States and its agencies, as only individual federal officials can be sued under that doctrine, and over FTCA claims against agencies or individuals, as the United States is the only proper defendant in such claims. Twomey acknowledged these deficiencies in his complaint in his answer to the motion. The magistrate judge also notified Twomey that his complaint would be dismissed as to the unknown agents unless he showed cause for failure to serve them. Twomey also responded to this order. The magistrate judge then recommended that the complaint be dismissed, and the district court adopted this recommendation over Twomey's objections, dismissing the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6). The district court subsequently denied Twomey's motions to alter or amend the judgment, to reconsider, and to correct the record to include documents from a Free-

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

dom of Information Act (FOIA) case he had filed against the FBI.

On appeal, Twomey argues that: 1) the district court erred in dismissing his complaint as frivolous because he had paid the filing fee, 2) the dismissal for failure to state a claim was improper, 3) he should have been permitted to amend his complaint, 4) the district court erred in considering matters outside the pleadings as if it were granting summary judgment, 5) the unknown defendants should not have been dismissed for failure of service, and 6) dismissal on statute of limitations grounds was improper. He has also filed a motion to correct the record pursuant to Fed. R.App. P. 10(e)(3), to include filings from his FOIA action.

Upon consideration, we conclude that none of the issues raised on appeal has merit. First, Twomey complains that his case was dismissed as frivolous despite his payment of the filing fee. However, the complaint was not dismissed as frivolous, but pursuant to Fed.R.Civ.P. 12(b)(1) and (6), for lack of jurisdiction and failure to state a claim.

■ Twomey's complaint was properly dismissed for failure to state a claim. Assuming the truth of the factual allegations contained in the pleadings, there was no basis for awarding Twomey the relief he requested. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Careful review of the pleadings shows that Twomey alleged the following facts in support of his claims of a constant campaign of surveillance and harassment by the FBI: a helicopter flew over his campsite outside Las Vegas, he frequently encounters emergency vehicles on the street, other cars follow his while he is driving, other people walk in the same areas as Twomey, people are rude to him, announcements are made over intercoms in stores, people gun their engines when passing him, and guns have been discharged near his property. Assuming the truth of these facts as alleged, there is nothing presented which would warrant a rational person in concluding that the FBI has invaded Twomey's privacy, inflicted emotional distress on him, or violated his Fourth and Fifth Amendment rights. Therefore, the court is not required to accept as true these legal conclusions and unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

Twomey complains that he was not permitted to amend his complaint. The district court did allow Twomey to amend his complaint twice when he submitted motions to amend and proposed amended complaints. The district court did not direct an amended complaint to be filed based on Twomey's mention in his response to the motion to dismiss that he ought to be permitted to amend his complaint. No abuse of discretion is apparent, as Twomey has never alleged how any amendment could cure the deficiencies of his pleadings.

■ Twomey argues that the district court converted defendants' motion to one for summary judgment when it considered matters outside the pleadings. The magistrate judge referred to the transcript of a scheduling hearing in Twomey's FOIA action, which was subsequently made part of the record in this case, in concluding that defendants' motion to dismiss should be granted. Twomey acknowledges that he only repeated the facts set forth above in this hearing, when asked for the factual basis of his claims. Therefore, nothing significant outside the pleadings was considered, and Twomey has demonstrated no prejudice.

Finally, Twomey argues that dismissal for failure of service and based on the statute of limitations was improper. Because dismissal for failure to state a claim was proper, these arguments need not be addressed.

Twomey moves to correct the record following the district court's denial of an identical motion presented below. The district court stated that it did not consider the documents in the FOIA proceeding in ruling on this case. Because there is no basis for this court to conclude otherwise, the motion is denied.

For all of the above reasons, the district court's order of dismissal is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.