**Joseph WEBSTER, Plaintiff–Appellant,**

v.

**Al SIMPSON, et al., Defendants–Appellees.**

**No. 01–1737.**

United States Court of Appeals, Sixth Circuit.

Dec. 7, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

Joseph Webster, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Webster sued Michigan Department of Corrections (MDOC) Regional Nursing Director Al Simpson, MDOC Health Manager Gloria Hill, and MDOC Medical Officer George Pramstaller. Webster alleged that the defendants were deliberately indifferent to his serious medical needs when they failed to cure his urinary problem and refused to provide him with outside medical care. The district court granted Webster in forma pauperis status, screened the complaint, and

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

dismissed the complaint for failure to state a claim under provisions of the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

In his timely appeal, Webster restates his district court allegations.

This court reviews de novo a district court's decision to dismiss under the PLRA. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Webster's complaint for failure to state a claim. Webster alleged that he suffered from a discharge from his penis caused by corrections officials placing "fecals and insulin" in his food. According to the affidavits and correspondence Webster placed in the record, he was seen by medical staff in April, July, and September 1999, January, September, and October 2000, and January 2001. Laboratory tests were negative for infection. Webster's request for outside treatment was denied because he refused further tests. From the materials in the record, it is clear that Webster received medical treatment but merely disagrees with the adequacy of that treatment. Accordingly, he has no deliberate indifference claim. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Accepting all of Webster's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.