**Jerry L. UNDERFER, Ph.D**
**Plaintiff–Appellant,**

v.

**UNIVERSITY OF TOLEDO, et. al. Defendants–Appellees.**

**No. 00–4568.**

United States Court of Appeals, Sixth Circuit.

June 5, 2002.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District Judge.[*]

## OPINION

PER CURIAM.

Plaintiff Jerry L. Underfer appeals the district court's dismissal of his complaint under Fed.R.Civ.P. 12(b)(6). Underfer brought suit against the University of Toledo and the University of Toledo Research Council (collectively, "the University"), as well as University President Frank Horton, Professor Bernard W. Bopp, and Vice President James Fry (collectively, "the individual defendants") in their official capacities, alleging that the defendants vio-

---

[*] The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

lated federal civil rights law in their handling of plagiarism claims brought against him by the National Science Foundation. Because Underfer has not alleged that he is a member of a protected class under Title 42 of the United States Code, and because the remainder of his claims are barred by the Eleventh Amendment, we AFFIRM the decision of the district court.

Underfer filed suit against the University, the Research Council, as well as Bopp, Fry, and Horton in their official capacities, bringing claims under 42 U.S.C. §§ 1981, 1983, and 1985(3), as well as state law claims for defamation and interference with contract under Ohio law.[1] In his prayer for relief, Underfer sought compensatory and punitive damages against the University and the individual defendants, and requested that the district court order the University to restore his status as superannuate professor and "to take such appropriate steps with adequate notice to restore the plaintiff to his position of esteem with the academic and scientific community[.]" The district court dismissed Underfer's federal claims with prejudice and dismissed his state law claims without prejudice under Fed.R.Civ.P. 12(b)(6).

## II.  Jurisdiction and Standard of Review

On August 4, 2000, the defendants filed a motion to dismiss Underfer's complaint pursuant to Fed.R.Civ.P. 12(b)(6). On September 14, 2000, Underfer filed an opposition to the defendants' motion to dismiss. On November 11, 2000, the district court granted the defendants' motion. This court retains jurisdiction over final orders of the district court pursuant to 28 U.S.C. § 1291.

This court reviews a district court's dismissal of a complaint pursuant to Fed. R.Civ.P. 12(b)(6) *de novo.* In reviewing a complaint for its failure to state a claim for relief, this Court must construe the complaint in the plaintiff's favor, and accept as true all factual allegations and permissible inferences therein. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). Dismissal under 12(b)(6) is appropriate only where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) ("The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995) (A reviewing court "should deny [a Rule 12(b)(6) ] motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief."). We will thus consider Underfer's claims pursuant to this standard.

## III.  Discussion

### A.  Claims under 42 U.S.C. §§ 1981 and 1985(3)

Underfer appeals the district court's assessment of his claims brought pursuant to 42 U.S.C. §§ 1981 and 1985(3). In order to state a claim under 42 U.S.C. §§ 1981 and 1985(3), a plaintiff must allege that he is a member of a protected class. *See Christian v. Wal–Mart Stores, Inc.,* 252 F.3d 862, 867–68 (6th Cir.2001) ("Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts with both public and private actors"); *Bartell v. Lohiser,* 215 F.3d 550, 560 (6th Cir.2000) ("[Section] 1985(3) only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause;  and 2) 'those

---

**1.** Underfer also brought claims under the False Claims Act (FCA) as well as various

claims against NSF; Underfer later voluntarily dismissed these claims.

individuals who join together as a class for the purpose of asserting certain fundamental rights' ") (quoting *Browder v. Tipton,* 630 F.2d 1149, 1150 (6th Cir.1980)). Underfer has not alleged that he is a member of a protected class. He instead argues that he is a "class of one," under the Supreme Court's holding in *Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). While the *Willowbrook* Court affirmed the existence of a "class of one" under an egregious set of circumstances in the equal protection context, we do not read the *Willowbrook* decision to alter the text or legislative aims of the relevant sections of Title 42. Therefore, Underfer has not alleged that he is entitled to the protections afforded by §§ 1981 and 1985(3).

### B. Claim under 42 U.S.C. § 1983

■ Underfer also appeals the dismissal of his § 1983 claim. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person, (2) acting under color of state law, (3) deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 521, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1987). Because the Eleventh Amendment bars suits against state entities in federal court, *see, e.g. Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), this Court has held that public-funded universities are not considered "persons" under § 1983 and are immune from actions under this section. *See Hall v. Medical College of Ohio at Toledo,* 742 F.2d 299, 304 (6th Cir.1984). In order to overcome this Eleventh Amendment bar, a plaintiff must either seek injunctive relief against a state official in his official capacity or seek monetary relief against a state official acting in his individual capacity. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52

L.Ed. 714 (1908); *Wells v. Brown,* 891 F.2d 591, 592 (6th Cir.1989). When seeking monetary relief against a state official, a plaintiff must clearly state that he is suing the official in his individual capacity. *See Wells* at 592 ("[P]laintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacities.").

■ Because the University is immune from suit under the Eleventh Amendment, Underfer's claims for monetary and injunctive relief against the University are therefore barred. Furthermore, given that Underfer makes a claim for only monetary damages against Bopp, Fry, and Horton, and because Underfer failed to set forth in his complaint that he intended to sue these defendants in their individual capacities, these claims are likewise barred under the Eleventh Amendment. The University and the individual defendants are immune from § 1983 claims as they were pleaded here, and these claims must be dismissed for a lack of subject matter jurisdiction.

### C. State law claims

Underfer also brings claims against the University and the individual defendants under Ohio law for defamation and interference with contract.

■ As previously stated, because the Eleventh Amendment provides the University with immunity from suits in federal court, this Court is lacking in jurisdiction over these claims. *See Hall,* 742 F.2d 299. Additionally, Ohio law provides that a plaintiff may bring state law claims against a state official *only* where the official acts outside of the scope of his official duties. *See* Ohio Rev. C. § 9.86 ("no officer or employee shall be liable in any civil action that arises under the law of this state for

damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities[.]") However, all state law claims against state officials must first be brought before the state court of claims—that court retains original and exclusive jurisdiction over all questions regarding a state official's immunity from suit. Ohio Rev. C. § 2743.02(F). Therefore, the district court correctly dismissed Underfer's state law claims without prejudice. Because these claims should first be considered by the state court of claims, they are improperly before this Court.

Conclusion

For the aforementioned reasons, the judgment of the district court is AFFIRMED.