238

William Fred SIMPSON,
Plaintiff–Appellant,

v.

Dr. Bashir AMEJI;  Tami East, R.N.;
George Million, Warden,
Defendants–Appellees.

No. 02–5878.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2003.

Before BATCHELDER, MOORE, and
CLAY, Circuit Judges.

*ORDER*

William Fred Simpson, a Kentucky resident proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking damages for pain and suffering, Simpson sued Dr. Bashir Ameji, nurse Tami East, and Warden George Million, all associated with the Eastern Kentucky Correctional Complex (EKCC). Simpson alleged that, when he was incarcerated at the EKCC, the defendants violated his rights under the Eighth and Fourteenth Amendments by failing to treat properly his rheumatoid arthritis. The district court granted Simpson in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). The court held that Simpson's allegations amounted to only a disagreement over his medical treatment and did not state a constitutional claim.

In his timely appeal, Simpson argues that: (1) Dr. Ameji showed deliberate indifference to Simpson's medical needs when he first prescribed a drug to treat Simpson's rheumatoid arthritis but later denied it; and (2) the defendants violated his equal protection rights because inmates with diabetes receive their daily treatments without difficulty.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we agree with the district court that Simpson did not state an Eighth Amendment claim. Before he entered the EKCC in July 2001, Simpson was taking two prescribed medicines for his rheumatoid arthritis: methotrexate, by self-injection, and Voltaren. He initially declined to take methotrexate in pill form at the EKCC. Although Simpson raised other issues, the thrust of his complaint was his allegation that Dr. Ameji promised him a prescription for methotrexate on January 15, 2002, but the prescription never materialized. Simpson filed a grievance over the incident. In response, nurse East informed Simpson that Dr. Ameji did not prescribe methotrexate because it was contraindicated. Simpson's medical records indicate that Dr. Ameji advised Simpson not to take methotrexate because Simpson had tested positive for hepatitis C. Simpson filed a complaint against Dr. Ameji with the Kentucky Board of Medical Licensure. The board found no evidence that Dr. Ameji violated the Kentucky Medical Practice Act, *see* Ky.Rev.Stat. § 311.530, et seq., and closed its investigation.

■ Simpson's allegations did not amount to an Eighth Amendment claim because they show at most a difference in opinion over the proper course of treatment. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976). Simpson voluntarily ceased taking methotrexate after entering the EKCC. Moreover, Dr. Ameji's refusal to prescribe a medicine Simpson read about did not support an Eighth Amendment claim. Finally, Simpson's inability to obtain methotrexate in January 2002 did not show deliberate indifference on Dr. Ameji's part. Dr. Ameji used his medical judgment to conclude that Simpson should not take the drug because of his hepatitis C. Simpson's allegations did not show that the defendants deliberately ignored his medical needs. *See Estelle,* 429 U.S. at 104, 97 S.Ct. 285.

■ The district court also properly held that Simpson's complaint did not state an equal protection claim. To assert a Fourteenth Amendment equal protection claim, a plaintiff must prove that a state actor purposefully discriminated against him because of his membership in a protected class. *See Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir.1990). Simpson's only allegation concerning equal protection was that diabetic inmates received daily injections, so the prison should have been able to give him weekly injections of methotrexate. Because Simpson did not allege that he was a member of a protected class, he had no equal protection claim.

Accepting Simpson's allegations as true, he can prove no set of facts in support of his claims which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C). Rules of the Sixth Circuit.