Don **MEDINA**, Plaintiff–Appellant,

v.

**EUGENIO PAINTING CO.,**
Defendant–Appellee.

No. 03–1088.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2004.

Don Medina, Detroit, MI, pro se.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

## ORDER

Don Medina, a Michigan resident proceeding pro se, appeals a district court order dismissing his complaint filed under federal question jurisdiction. *See* 28 U.S.C. § 1331. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In the complaint, Medina appears to allege that his former employer, defendant Eugenio Painting Co., wrongfully terminated his employment. Medina alleges that the defendant terminated his employment after wrongfully concluding that Medina was responsible for $600.00 worth of missing payroll checks. Allegedly, Medina delivered payroll checks to his fellow employees on May 26, 2001. When the defendant found that several of the payroll checks were missing, the defendant blamed Medina for the missing checks and terminated his employment. Medina denies responsibility for the missing payroll checks. Medina's claim for damages includes distress, lost wages, and "violation of my civil rights." Medina also requests a finding that the defendant is "guilty of bias." The district court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), after concluding that the complaint failed to state a claim upon which relief may be granted. Reconsideration was denied. This appeal followed.

Complaints filed in forma pauperis are subject to the screening requirements of § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000). We review de novo a district court's decision to dismiss under § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). "... [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993) (citation omitted). Courts construe liberally pro se complaints. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Upon review, we conclude that the district court properly dismissed Medina's complaint for failure to state a claim. As the district court noted, the allegations in Medina's complaint are quite vague. Medina does not set forth allegations respecting any legal theory. The complaint refers generally to a "civil rights" violation. The complaint does not, however, set forth the nature of this alleged civil rights violation. The defendant allegedly terminated Medina's employment, but based on the complaint, this termination appears unconnected to any fact which could be construed as a civil rights violation. Moreover, the complaint does not state whether Medina is seeking relief under state or federal civil rights laws. Therefore, the complaint fails to state a claim upon which relief may be granted.

Finally, Medina argues that the district court should have appointed him an attorney. However, the appointment of counsel in a civil action is not a constitutional right and is justified only in exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir.1993). As Medina's allegations do not establish a constitutional violation, the district court did not err in denying Medina's request for counsel.

912

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.