**Andre WHITE, Plaintiff–Appellant,**

v.

**CORRECTIONAL MEDICAL SERVICES INC.; et al., Defendants–Appellees.**

**No. 03–2097.**

United States Court of Appeals, Sixth Circuit.

March 24, 2004.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

## ORDER

Andre White, a Michigan prisoner proceeding pro se, appeals the district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, White sued Correctional Medical Services, Inc. (CMS), CMS agent John Doe, Dr. Badawi Abdellatif, Health Unit Manager Ruby Cheatham, Grievance Coordinator Wayne Trierweiler, Warden Barbara Bouchard, Michigan Department of Corrections (MDOC) Director William Overton, and Librarian S. Powell. White alleged that: (1) CMS and Dr. Abdellatif violated his rights under the Eighth Amendment and state law by failing to provide him adequate medical care; (2) Cheatham violated his rights under the Fourteenth Amendment by forcing him to pay three medical co-payments of $3.00 each; and (3) Trierweiler violated his rights under the First Amendment by preventing him from filing grievances. In a supplement to the complaint, White alleged that Bouchard, Overton, and Powell violated his right of access to the courts by preventing him from copying documents he wanted to file with his complaint. The district court granted White in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

On appeal, White argues that: (1) the district court erred by dismissing his complaint for failure to state a claim; and (2) the district court failed to address his claim of denial of access to the courts.

We review de novo a district court's decision to dismiss under 28 U.S.C.

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

§§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

■ Upon review, we conclude that the district court properly dismissed White's complaint. First, we agree with the district court that White's complaint did not state a claim under the Eighth Amendment. According to White, he has long suffered from gastrointestinal problems. He was apparently satisfied with the care he received until he was transferred to Alger Correctional Facility (LMF). At LMF, Dr. Abdellatif discontinued White's previous course of treatment and prescribed what White considered to be less effective medications. The essence of White's allegations was that he disagreed with CMS's and Dr. Abdellatif's approaches to his medical treatment. Although White did not receive the care he wanted, the conduct he alleged did not constitute a deliberate indifference to his medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Any perceived deficiencies in his treatment amounted to only negligence or a difference of opinion. *See Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Accordingly, White failed to state an Eighth Amendment claim.

■ The district court also properly held that White's complaint failed to state a due process claim. White alleged that, after Dr. Abdellatif removed him from the "chronic care" list, Cheatham required White to pay a $3.00 co-payment each time he requested medical care. It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay. *Reynolds v. Wagner,* 128 F.3d 166, 173–74 (3d Cir.1997). White was not denied medical care because of the fee, and thus did not state a due process claim.

■ Finally, the district court properly held that White's complaint did not state a retaliation claim. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). White alleged that Grievance Coordinator Trierweiler retaliated against him by refusing to give him grievance forms. White's claim fails for three reasons. First, he was not engaged in protected conduct because the issues he wanted to raise were non-grievable under MDOC policy. *See* Policy Directive 03.02.130 ¶ F1. Second, White cannot show that Trierweiler's actions would deter a person of ordinary firmness because the actions complied with prison policy. Third, White's complaint does not support the inference that Trierweiler denied his requests for grievance forms because of any protected conduct. Bare allegations of malice do not suffice to establish a constitutional claim. *Crawford–El v. Britton,* 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Thus, White failed to state a retaliation claim.

White's argument that the district court failed to address a claim of denial of access to the courts does not entitle him to any relief. White alleged that MDOC policy as written and as applied prevented him from submitting copies of exhibits with his complaint. He did not, however, describe what the exhibits were or how they related to his complaint. Because White has not sufficiently alleged that he was prejudiced by MDOC policy, he failed to state a claim of denial of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Thus, the district court's failure to address the claim was harmless. *See* Fed.R.Civ.P. 61.

The district court properly held that White's complaint failed to state a claim of relief under the Eighth, Fourteenth, and First Amendments. Having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over White's state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.