**Albert BOMER, Plaintiff–Appellant,**

v.

**Fabian LAVIGNE, et al., Defendants–Appellees.**

No. 03–1974.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Albert Bomer, Ionia, MI, pro se.

Before SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.*

### ORDER

Albert Bomer, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $100,000 in damages, Bomer sued Warden Fabian LaVigne, Resident Unit Manager R. Haas, and the Michigan Department of Corrections. Bomer alleged that the defendants violated his rights under the Eighth and Fourteenth Amendments when they made him wait from May 30, 2003, until June 2, 2003, to have the electrical power restored to his cell. The district court granted Bomer in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. The court held that Bomer's allegations did not amount to cruel and unusual punishment, a denial of due process, or a denial of equal protection.

On appeal, Bomer reasserts his district court claims.

We review de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

Upon review, we affirm the district court's decision for the reasons stated by the district court. Bomer alleged that the power in his cell went out on May 30, 2003, a Friday. When he complained to the

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

resident unit officer, he was told that prison officials could not turn the power on because it would be a violation of a union contract. An electrician was scheduled to perform the repair on June 2, the following Monday. Aside from a lack of ventilation, Bomer did not allege that he was harmed by the power outage. This brief inconvenience cannot support a claim under the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

■ The district court also properly held that Bomer's complaint failed to state a claim under the Fourteenth Amendment. The district court held that Bomer did not have a procedural due process claim because he did not suffer an atypical or significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The court rejected Bomer's equal protection claim because he did not allege that he was intentionally treated differently from others similarly situated and without a rational basis for the different treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Although Bomer's allegations fit best under an Eighth Amendment analysis, these holdings were proper as well.

For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.