Melissa A. BERRY, et al., Plaintiffs,

v.

David S. CAHOON, et al., Defendants.

Case No. 3:10–CV–081.

United States District Court,
S.D. Ohio,
Western Division,
at Dayton.

Aug. 5, 2010.

Lawrence A. Wilkins, Kollin & Wilkins, Beavercreek, OH, for Plaintiffs.

David Stanley Jablinski, Jablinski, Roberts & Gall, Andrew Joseph Reitz, Ronald I. Raether, Jr., Faruki Ireland & Cox PLL, Ronald J. Kozar, Jeffrey Alan Hazlett, Dayton, OH, Lawrence A. Wilkins, Kollin & Wilkins, Beavercreek, OH, for Defendants.

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART HAZEN'S AND THURSTON'S MOTIONS TO DISMISS AND GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT NOT LATER THAN THIRTY (30) DAYS FOLLOWING ENTRY OF THIS ORDER.**

THOMAS M. ROSE, District Judge.

Now before the Court are Defendants' Richard A. Hazen's[1] and Brent Thurston's Motions to Dismiss. (Doc. # 11 & # 12.) These Motions are now fully briefed and ripe for decision.

Mr. Hazen and Mr. Thurston assert that the Defendants in this case cannot be

---

1. The Complaint identifies Richard R. Hazen as one of multiple defendants; however, the correct defendant (and the party upon whom service of process was effectuated) is Richard A. Hazen, the son of Richard R. Hazen.

"gathered up in one undifferentiated lump and all collectively alleged to have violated Plaintiffs' rights." (Doc. # 11), (citing *Roseborough v. City of Trotwood*, No. 3:06–cv–129, 2006 WL 2524240, at *2, 2006 U.S. Dist. LEXIS 61756, at *7 (S.D.Ohio Aug. 30, 2006) (Merz, M.J.)). Mr. Hazen and Mr. Thurston also assert that the Complaint fails to meet the standards of a well-pleaded complaint set forth in *Twombly* and *Iqbal*. (Doc. # 11.)

First, this Court finds that the grouping of the Defendants in the Complaint is a liberty that Plaintiffs can take and an inadequate reason to dismiss the claims. Second, the ECPA and intentional infliction of emotional distress claims are pled with sufficient facts for the purposes of the well-pleaded complaint standard. Third, the invasion of privacy claim must be dismissed with leave to file an amended complaint, because it was argued pursuant to the Fourth Amendment of the Constitution, which is the incorrect rule of law. Therefore, Mr. Hazen's and Mr. Thurston's Motions to Dismiss are GRANTED IN PART AND OVERRULED IN PART, and LEAVE is granted to Plaintiffs to file an AMENDED COMPLAINT not later than thirty (30) days following entry of this order.

## I. BACKGROUND

Plaintiffs Melissa A. Berry and Judith A. Berry (hereafter "Plaintiffs") allege that Defendants installed, or procured others to install, video cameras with microphones in the marital home of Melissa A. Berry and David S. Cahoon for Defendants' use. (Doc. # 2.) Plaintiffs allege that sometime between May 25, 2007 and July 29, 2007, Defendants recorded Plaintiffs daily lives and conversations in Melissa Berry and David Cahoon's bedroom, basement, and guest bedroom without Plaintiffs' consent. *Id.* Plaintiffs allege that Defendants then improved the quality of the tapes and viewed them. *Id.*

Plaintiffs claim they had a reasonable expectation of privacy within the home, which was violated by the Defendants. Count One of the Complaint alleges Defendants violated the Electronic Communications Privacy Act (hereafter ECPA), 18 U.S.C. 2511, and Plaintiffs are entitled to relief pursuant to 18 U.S.C. 2520. (Doc. # 2.) Count Two of the Complaint alleges invasion of privacy pursuant to the Fourth Amendment of the Constitution. *Id.* Count Three of the Complaint alleges intentional infliction of emotional distress. *Id.* After an answer was filed by Mr. Cahoon, Mr. Hazen filed a Motion to Dismiss. (Doc. # 11.) Mr. Thurston also filed a Motion to Dismiss which incorporated Mr. Hazen's argument and analysis. (Doc. # 12).

This Court has federal question jurisdiction over the ECPA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the invasion of privacy and intentional infliction of emotional distress claims pursuant to 28 U.S.C. § 1367.[2]

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) does not test the merits of the case, but the sufficiency of the complaint to entitle the plaintiff to legal relief while assuming all facts alleged are true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993) (citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir.1987)). "A pleading that states a claim for relief must contain:" "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement

---

**2.** While claimed by Plaintiffs in the Complaint, diversity jurisdiction, pursuant to 28 U.S.C. § 1332, does not exist because there is not complete diversity between the Plaintiffs and Defendants.

of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed.R.Civ.P. 8(a). The claim for relief must be plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S.Ct. 1955.

"A ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995), *cert. denied,* 516 U.S. 1158, 116 S.Ct. 1041, 134 L.Ed.2d 189 (1996) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)). Allegations must be construed in the light most favorable to the plaintiff when the allegations are capable of several inferences. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039 (6th Cir.1991) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Bare legal conclusions are insufficient for the well-pleaded complaint standard. *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996). Put another way, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (internal citations, quotations, and brackets omitted).

## III. DISCUSSION

### A. Defendants as One Undifferentiated Lump

Mr. Hazen and Mr. Thurston claim they cannot be grouped into "one undifferentiated lump" within the complaint, because a complaint that groups the defendants in this manner will not satisfy the plausibility standard of *Twombly.* (Doc. # 11.) However, Mr. Hazen and Mr. Thurston offer no binding case law supporting this assertion. Mr. Hazen and Mr. Thurston rely heavily on a Report and Recommendation from Magistrate Judge Merz which was affirmed by this Court, but this reliance is misguided. The case relied upon by Mr. Hazen and Mr. Thurston concerns the dismissal of John/Jane Doe defendants, because plaintiffs failed to plead "any operative facts with respect to any such person" and failed to reasonably identify by description the John/Jane Doe defendants so that a group of people would be put on notice of their potential John/Jane Doe status. *Roseborough,* 2006 WL 2524240 at *2, 2006 U.S. Dist. LEXIS 61756 at *7.

The *Roseborough* case is not comparable to this case, because the Defendants in this case have been identified and the Plaintiffs are claiming that all the Defendants conspired in committing these violations under the ECPA statute and the invasion of privacy and intentional infliction of emotional distress common laws. Upon a more responsible reading of the ECPA statute, one can ascertain that a person can be held liable under the statute not only for installing surveillance equipment, but also for procuring someone else to do so. It makes sense and saves space by grouping the Defendants together in this case, because the Plaintiffs are alleging the Defendants are all liable to the Plaintiffs under the same three causes of action. Nowhere in the Complaint do the Plaintiffs claim that all the Defendants, at the same time, went into Melissa Berry and David

Cahoon's marital home and installed recording equipment, even though this is what Mr. Hazen and Mr. Thurston would have the Court believe. Mr. Hazen's and Mr. Thurston's suggestion that the Court interpret the facts of the Complaint to mean this is absurd.

Outside of misusing case law from this District, Mr. Hazen and Mr. Thurston offer no other case law from this Circuit indicating that the 6th Circuit does not allow defendants to be grouped together in a complaint. The individual Defendants are addressed in the Complaint, the facts are alleged, and then the three counts are set forth. It is only after Mr. Hazen and Mr. Thurston were addressed separately in the Complaint that all Defendants are grouped together which succeeded in making the Complaint more efficient. Therefore, this Court finds that each Defendant can be identified in this case and the Defendants do not have to be addressed separately if the Plaintiffs are alleging that all Defendants are liable under the same causes of action.

## B. Sufficiency of Complaint

### 1. ECPA Claim and Intentional Infliction of Emotional Distress Claim

■ Mr. Hazen's and Mr. Thurston's Motions to Dismiss regarding the ECPA and intentional infliction of emotional distress claims are overruled. Mr. Hazen and Mr. Thurston assert that the Plaintiffs failed to plead sufficient facts to state a claim for relief that is plausible on its face. (Doc. # 11.) However, Mr. Hazen and Mr. Thurston are incorrect in their assertion, because if all assertions made in the Complaint are taken as true, this Court could reasonably infer that the Defendants could be liable, which makes the Plaintiffs' claims plausible.

In the Complaint, Plaintiffs identify the Defendants at issue by name, address, and association with Beavercreek Christian Church or American Protective Agency. The Complaint then incorporates those descriptions into the rest of the Complaint, and uses "Defendants" throughout the remainder of the document, because the Plaintiffs are alleging all Defendants violated the Plaintiffs' rights under the same sets of laws. It can reasonably be inferred from the facts provided in the Complaint that the Defendants either installed the equipment to intercept the Plaintiffs' communications or procured someone to do so. The facts allege the approximate time frame in which the interception occurred, the places in the home where the surveillance equipment was installed, and that the Defendants went to great lengths to improve the quality of the material for viewing purposes. Furthermore, although the Counts in the Complaint do contain conclusions, this is allowable so long as the conclusions can be supported by facts alleged elsewhere in the Complaint. Between the operative facts alleged in the Complaint and the statutory material provided, the Complaint is sufficient to survive a motion to dismiss. Therefore, Mr. Hazen's and Mr. Thurston's Motions to Dismiss are OVERRULED with respect to the ECPA and intentional infliction of emotional distress claims.

### 2. Invasion of Privacy Claim

■ The invasion of privacy claim must be dismissed, because the invasion of privacy claim was made pursuant to the wrong rule of law.[3] The Fourth Amend-

---

3. Mr. Hazen and Mr. Thurston state in their Motions to Dismiss that Plaintiffs' claim should fail because it does nothing more than mechanically recite the elements of the claim. However, the invasion of privacy claim in the

Complaint does not mechanically recite the elements, it merely asserts invasion of privacy pursuant to the 4th Amendment. Therefore, Plaintiffs' claim fails not for pleading insuffi-

ment of the Constitution "proscrib[es] only governmental action," and "it is wholly inapplicable to ... private individual[s] not acting as an agent of the Government." *U.S. v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (internal quotations omitted).

Plaintiffs make their invasion of privacy claim pursuant to the Fourth Amendment of the Constitution, but this is incorrect. Because none of the Defendants are government entities or agents, the Plaintiffs must find another cause of action to bring against the Defendants. It has been suggested by Mr. Hazen and Mr. Thurston that the Plaintiffs should have used the Ohio common law tort claim for invasion of privacy. (Doc. # 11.) Mr. Hazen's and Mr. Thurston's Motions to Dismiss go even further to suggest that the actions alleged by the Plaintiffs were an intrusion upon seclusion, which is a type of invasion of privacy. *Id. See, e.g., Piro v. Franklin Twp.,* 102 Ohio App.3d 130, 656 N.E.2d 1035, 1044 (1995) (lists the four distinct causes of action under the tort of invasion of privacy). However, it is not the Court's duty to resolve the errors within the original complaint or suggest the correct rule of law to use. Therefore, this Court DISMISSES the Plaintiffs' invasion of privacy claim and GRANTS LEAVE to file an AMENDED COMPLAINT not later than thirty (30) days from the filing of this opinion.

### IV. CONCLUSION

In summary, the Plaintiffs in this case can group Defendants together in the Complaint if Plaintiffs are alleging that all Defendants are liable to Plaintiffs under the same rules of law. The pleadings were sufficient to survive the Motions to Dismiss with respect to the ECPA and inten-

tional infliction of emotional distress claims. Finally, Plaintiffs' invasion of privacy claim is dismissed with leave to file an amended complaint.

Therefore, Mr. Hazen's and Mr. Thurston's Motions to Dismiss are GRANTED IN PART AND OVERRULED IN PART, and Plaintiffs are GRANTED LEAVE to file an AMENDED COMPLAINT not later than thirty (30) days following the entry of this order.[4]

---

cient facts or reciting the statute, but because an incorrect argument was made.

**4.** The Court acknowledges the valuable contribution and assistance of judicial extern Amanda M. Hendren in drafting this opinion.